IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL RAY FORBES, #13302-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv660 |
| | | CRIMINAL NO. 4:14CR00040-001 |
| UNITED STATES OF AMERICA | § | |

ORDER OF DISMISSAL

Petitioner Michael Ray Forbes, a prisoner confined at F.C.I. Seagoville, brings this motion to vacate, set aide or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation (Dkt #25) concluding that the motion lacks merit. Forbes has filed objections (Dkt #27).

Forbes is in custody pursuant to a conviction for the offense of conspiracy with intent to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846. On February 12, 2016, after a plea of guilty in conjunction with a plea agreement, Forbes was sentenced to 145 months of imprisonment. His appeal was dismissed.

In the Report and Recommendation, the Magistrate Judge carefully reviewed the record which gives every indication that Forbes' guilty plea was entered knowingly and voluntarily. His "solemn declarations in open court carry a strong presumption of verity." *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). Forbes has not overcome the presumption that his guilty plea and waiver of appeal were entered knowingly and voluntarily. Moreover, with respect to his claims of ineffective assistance of counsel, Forbes has not shown that his attorney's performance was deficient or that he was

prejudiced by his attorney's deficient performance, as required by *Strickland v. Washington*, 466 U.S. 668 (1984).

Forbes does not discuss the Magistrate Judge's analysis in his objections. Instead, he asserts that he is entitled to an evidentiary hearing and an attorney. A movant in a § 2255 proceeding is not automatically entitled to an evidentiary hearing; instead, he entitled to a hearing only if he presents "independent indicia of the likely merit of [his] allegations." *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008). [C]onclusory allegations do not support the request for an evidentiary hearing." *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980). A movant is not entitled to a hearing "if the motion, files, and records of the case conclusively show that [he] is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). Similarly, a movant is not automatically entitled to appointment of counsel in a § 2255 proceeding; instead, a judge must appoint an attorney only if an evidentiary hearing is required. *United States v. Vasquez*, 7 F.3d 81, 84 (5th Cir. 1993) (applying Rule 8(c), *Rules Governing Section 2255 Proceedings*). In the present case, the motion, files, and records conclusively show that Forbes is not entitled to relief. Moreover, appointment of counsel is unnecessary since Forbes is not entitled to relief.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Forbes to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Forbes' objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that Forbes' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All other motions not previously ruled on are hereby **DENIED**.

**SIGNED this 4th day of June, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE